**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:16-cv-00078 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| NEC CORPORATION OF AMERICA, , | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION
FOR LEAVE TO TAKE LIMITED VENUE DISCOVERY**

Plaintiff Implicit, LLC ("Implicit"), hereby files this Motion for Leave to Take Limited Venue Discovery in connection with the Motion to Transfer Venue [Doc. No. 24] of Defendant NEC Corporation of America ("NEC") (the "Motion for Venue Discovery").

**I.      PROCEDURAL BACKGROUND**

On February 23, 2016, Implicit asserted claims for patent infringement against NEC [Doc. No. 1].  On June 29, 2016, defendant NEC filed a Motion to Transfer this case to the Northern District of California, or in the alternative to the Northern District of Texas, under 28 U.S.C. § 1404(a) ("Motion to Transfer").

Defendant's Motion to Transfer relies on 4 affidavits and 27 exhibits.  Implicit requested the opportunity to take a single deposition of NEC related to venue topics and issue limited requests for production and interrogatories.  At the request of NEC's counsel, Implicit provided NEC the discovery that it had issued to Trend Micro in accordance with the Implicit and Trend's agreed bilateral discovery.

On June 29, 2016, the same day that it filed its Motion to Transfer, NEC telephonically attended the Rule 30(b)(6) deposition of Implicit's corporate representative on venue-related issues, which was noticed by Trend Micro, Inc. in its related case.[1]  Although NEC asked no questions during the deposition, at NEC's request, Implicit's corporate representative was prepared to testify to all of Trend's 30(b)(6) topics as applied to NEC.[2]  Trend and Implicit agreed to limited venue discovery, including a one half day deposition, which was conducted.

Nonetheless, NEC has refused to present a witness for deposition with respect to venue discovery, or provide documents with respect to targeted requests for production.  NEC has further refused to agree to Implicit's request to an extension to respond to NEC's motion while the Court considers Implicit's request for venue discovery.

## II.    ARGUMENT

A court may allow discovery before reaching the merits of a motion to transfer venue. *Hart Intercivic, Inc. v. Avante International Technology, Inc.,* 2009 WL 3161427 at *1 (E.D. Tex. Sept. 30, 2009) (J. Ward); Order Granting Motion for Enlargement of Time and for Leave to Take Limited Discovery, Doc. 34, No. 2:13-cv-1062 (E.D. Tex. Nov. 12, 2014).  Implicit's proposed limited discovery is necessary because the Motion to Transfer relies on allegations of interested declarants regarding the location of witnesses and documents relating to NEC's Accused Products.

Implicit's request for venue discovery is limited.  Implicit proposes targeted venue discovery consisting of ten interrogatories, five requests for production of documents, and one deposition pursuant to FED. R. CIV. P. 30(b)(6), not to exceed three-and-a-half hours, despite NEC's submission of four affidavits in support of its Motion to Transfer.  Implicit respectfully

---

[1] Case No. 6:16-cv-00080, with which this case has been consolidated for all pretrial issues except venue.
[2] Exhibit 2.

asks that the requested discovery not be counted toward any maximum number of interrogatories, requests for production, depositions, subpoenas, or other discovery allowed under the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the Eastern District of Texas.  Assuming reasonable cooperation by NEC, Implicit anticipates that it could complete the necessary discovery and its response to the Motion to Transfer within 14 calendar days from receipt of NEC's responses to the written discovery and completion of the 30(b)(6) deposition of NEC.  This Court has granted similar limited discovery in similar cases, including Implicit's related case against Trend.[3]

Unlike in Implicit's case against Trend, NEC has indicated that it will not agree to any venue discovery that includes a deposition of NEC or requests for production.  This despite Implicit having prepared for and NEC having attended the venue-related deposition of Implicit's corporate representative.  NEC's reason for opposing the requested venue discovery is that NEC's deposition would be "redundant" of its declarations or affidavits.  NEC's position would deprive Implicit of the opportunity to cross-examine NEC's declarants to assure the accuracy and completeness of their testimony and to verify the extent of NEC's connections to this District.  NEC argues that the four affidavits and twenty-seven exhibits attached in support of its Motion to Transfer should simply be accepted at face value without an opportunity for cross-examination.  This is at odds with general litigation practice and specific fairness in this case.

Depositions are an essential and recognized part of discovery, codified in Federal Rule of Civil Procedure 30.  The purposes of a deposition include the ability to cross-examine a witness regarding the content of his or her testimony, by affidavit or otherwise.  *See* FRCP 30(c) (recognizing cross-examination as part of deposition).  That cross-examination of a witness is not

---

[3] Case No. 6:16-cv-00080, at Doc. 26.

"redundant" of the witness's direct examination or affidavit testimony is fundamental to the system of discovery and evidence. *See e.g. Brock v. Roadway Exp., Inc.* 481 U.S. 252, 276 (1987) (Stevens, J., dissenting in part) ("Cross-examination is a critical element of the truth-determining process."); 5 J. Wigmore Evidence § 1367 (J. Chadbourn rev. 1974) ("The belief that no safeguard for testing the value of human statements is comparable to that furnished by cross-examination, and the conviction that no statement (unless by special exception) should be used as testimony until it has been probed and sublimated by that test, has found increasing strength in lengthening experience."); 1 McCormick on Evidence §19 (7th Ed.) ("For two centuries, common law judges and lawyers have regarded the opportunity of cross-examination as an essential safeguard of the accuracy and completeness of testimony.")  The right to cross-examination in the criminal context is of constitutional significance. U.S. Const. Amdt. VI.  Cross-examination is no less integral to the evaluation of evidence in civil matters.

NEC's effort to deny Implicit the opportunity to test NEC's evidence at deposition is specifically unfair in this case, where Implicit has already prepared and presented a corporate representative deponent on venue issues related to NEC's motion to transfer.  As the Supreme Court recently recognized, "in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Paterson, N.J.*, 136 S. Ct. 1412, 1418 (2016).

Without the requested discovery, this Court will have limited factual basis on which to evaluate the allegations on which NEC's Motion to Transfer relies.  Accordingly, this Court should grant Implicit's Motion for Extension and Venue Discovery.

### III.     CONCLUSION

Plaintiff Implicit, LLC respectfully seeks leave to take limited venue discovery from Defendant NEC as described above.  In the event that the Court denies the relief requested in this Motion, Implicit requests an extension of time to respond to NEC's Motion to Transfer by 14 days from the date of entry of an order denying this Motion.

Respectfully submitted,

*/s/  Andrew G. DiNovo*_____
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com

**DINOVO   PRICE   ELLWANGER   & HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

*Counsel for Plaintiff Implicit, LLC*

5

## CERTIFICATE OF CONFERENCE

From June 14, 2016 through June 30, 2016, counsel for Plaintiff Implicit, LLC conferred on numerous occasions by email and telephone with counsel for Defendant NEC Corporation of America regarding the relief sought in this Motion and confirmed that NEC is opposed to any venue discovery that includes a deposition of NEC.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo