IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br>        Plaintiff,<br>v.<br>NEC CORPORATION OF AMERICA,<br>        Defendant. | Civil Action No. 6:16-cv-00078-JRG<br><br>**JURY TRIAL DEMANDED** |

**NEC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO TAKE LIMITED VENUE DISCOVERY**

Defendant NEC Corporation of America ("NEC") hereby opposes the Motion for Leave to Take Limited Venue Discovery filed by the plaintiff, Implicit, LLC ("Implicit"), Dkt. No. 26.

**I.   ARGUMENT**

There is no reason for venue discovery here.

**IMPLICIT SUGGESTS NO NEED FOR EXPENSIVE VENUE DISCOVERY**

Implicit argues that it needs discovery to test the truthfulness of the facts stated in NEC's Motion to Transfer. *Implicit, however, makes no suggestion whatsoever that there is any particular fact stated in NEC's venue papers on which further discovery is warranted.* NEC has no research or development in the Eastern District of Texas; NEC does not sell any of the allegedly infringing products out of the Eastern District of Texas; and NEC is not aware of ever having sold an allegedly infringing product into the Eastern District Texas. There is no question, asked at a deposition, that would or even can alter this landscape.

Venue transfer motions may be granted without factual discovery. *See, e.g., Groupchatter, LLC v. Itron, Inc.*, No. 6:15-cv-900 JRG-JDL, 2016 WL 2758480, at *3 (E.D.

Tex. May 12, 2016) (granting motion to transfer venue because, *inter alia*, "there is no reason to believe the statements contained in [defendant employee's] declaration under oath are false as they pertain to the location of sources of proof" for the accused products). Where, as here, the plaintiff cannot even suggest a single fact that warrants further discovery, that discovery is not warranted.

**IMPLICIT'S REQUEST IS NOT "PROPORTIONAL TO THE NEEDS OF THE CASE"**

Implicit's request for unnecessary venue discovery is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Most particularly, "the amount in controversy" (*id.*) here is less than the administrative cost of defending this suit. Implicit accuses five products. The relevant sales are sales in the U.S. in the past six years. *See* 35 U.S.C. §§ 271, 286. Some are not even sold in the United States; and the total relevant sales for all the products is expected to be around $800,000. Even assuming an oversized settlement of 5% or 10%, discovery in this case alone will exceed the value of this suit.

Moreover, Implicit's proposal for discovery is out of proportion. Implicit has not served any discovery yet. Implicit, however, provided NEC with copies of the discovery papers that it had previously served on another defendant (Trend Micro) in a collateral suit as an example, including document requests, interrogatories, and a deposition notice. *See* Ex. 1 at 1; Ex. 2 at 1. Its document requests and deposition notice were entirely redundant of the interrogatory requests. Exs. 3-5. Further, redundancy aside, these papers were full of requests with no relevance to the venue analysis, such as:

- an accounting of all real estate in all of Texas (Ex. 4, Interrogatory No. 4; Ex. 5, Topic No. 1), which is not a factor in the venue analysis—at least not for a case about software and not about real estate;

- an itemization of all employees in the whole of Texas (Ex. 3, Request No. 1; Ex. 4, Interrogatory No. 2; Ex. 5, Topic No. 7), which is not relevant and pointlessly burdensome where NEC has no operations in the Eastern District of Texas but significant operations in the Northern District of Texas, one of the two alternative venues to which NEC seeks transfer; and

- complete organizational charts including "names, locations, titles, and job functions of all employees and/or contractors that perform work concerning the Accused Products and/or Related Documents" in all of Texas (Ex. 3, Request No. 2; Ex. 4, Interrogatory No. 9; Ex. 5, Topic No. 2).

These are just three examples of the overbroad and irrelevant discovery Implicit demands and on which it refused to compromise.

### IMPLICIT REFUSED TO FOCUS ITS PROPOSED DISCOVERY

Further, Implicit misstates NEC's position, suggesting that NEC simply refused all discovery relevant to venue. This is incorrect. Implicit provided NEC with copies of the discovery it served on Trend Micro. Ex. 1 at 1; Ex. 2 at 1. NEC replied that it would work with Implicit to pare down the interrogatories to those that would be warranted here, to fill in any material factual gaps that Implicit thought existed in the pending Motion to Transfer. Ex. 6 at 3. Thus, NEC asked Implicit these questions:

- "What information do you believe is relevant to the venue analysis but is not contained in the [already filed] declarations?

- What support do you have for that being relevant to the analysis?

- Would you be willing to accept such 'missing' information in interrogatory form alone and, if not, why?"

*Id*. at 1-2. Implicit refused to answer any of these questions to explain why, substantively, it needed discovery or why the discovery it sought was material. *Id*. at 1. Rather, Implicit insisted that it would not accept anything less than a full suite of interrogatories, document requests, and deposition testimony. Indeed, Implicit argues that it is entitled to full, burdensome and

redundant document, interrogatory and deposition discovery for all issues in all situations. *Id*. at 1-2; *cf. Groupchatter*, *supra*.

* * *

Defendant NEC knows discovery is important, and it takes every step it can to resolve discovery disputes without motion practice. But the cost of the discovery that is requested is somewhere in the ballpark of the settlement value of this case. What this case really needs is a settlement discussion, and NEC is pushing for an early mediation—which Implicit is resisting. Ex. 7 at 1. What this case does not need is an escalation of discovery, especially where Implicit has stated no specific need for that discovery.[1]

## II. CONCLUSION

For the reasons set forth above, the Court should deny Implicit's Motion for Leave to Take Limited Venue Discovery.

---

[1] *See Woods v. Keiffer*, 610 F. App'x 416, 417 (5th Cir. 2015) ("Woods filed no counteraffidavit and offered only argument rather than evidence…. [so] we may not assume that Woods could or would prove the facts necessary to prevail.") (citing *Foval v. First Nat'l Bank of Commerce in New Orleans*, 841 F.2d 126, 129 (5th Cir. 1988); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996)).

4

Dated:  July 18, 2016								By: */s/ Alex V. Chachkes*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Alex V. Chachkes
New York State Bar No. 3035078
Tyler S. Miller
New York State Bar No. 5122262
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
Fax: (212) 506-5151
Email:  achachkes@orrick.com
Email:  tmiller@orrick.com

Donald Daybell
California State Bar No. 210961
2050 Main Street, Suite 1100
Irvine, CA 92614
Tel: (949) 567-6700
Fax: (949) 567-6710
Email:  ddaybell@orrick.com

*Attorneys for Defendant NEC Corporation of America*

6

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on July 18, 2016, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This notice was served on all counsel by electronic filing.

*/s/ Alex V. Chachkes*
Alex V. Chachkes
